ALEXANDER S. RUSNAK, Bar No. 300054
JENNIFER L. RUSNAK, Bar No. 247054
RUSNAK LAW OFFICE
1001 Molalla Avenue, Suite 221
Oregon City, OR 97045
Telephone: (408) 780-9835
Facsimile: (408) 351-0114
Arusnak@rusnaklawoffice.com
Jrusnak@rusnaklawoffice.com

Attorneys for Plaintiff NIMFA PEDRASA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMFA PEDRASA<br><br>Plaintiff,<br><br>v.<br><br>TRI STARR HOME CARE, LLC; JONYSUS TABULA; SHERILL DOMINGO<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>Federal FLSA Claim:<br>1. Failure to Pay Overtime and For All Hours Worked (29 U.S.C. §§ 207, 216(B), and 255(A));<br><br>California Supplemental State Claims:<br>2. Failure to Pay Overtime Wages and For All Hours Worked (Cal. Labor Code §§ 510, 1194, 1194.1 1197, 1771, 1776);<br>3. VIOLATION OF STATUTORY DUTY FOR BREACH OF LABOR CODE §§226.7 (No Meal Breaks)<br>4. VIOLATION OF STATUTORY DUTY FOR BREACH OF LABOR CODE §§226.7 (No Rest Breaks<br>5. Waiting Time Penalties (Cal. Labor Code § 203);<br>6. Failure to Provide Accurate Wage Statement in Violation of Labor Code §226; and<br>7. Restitution for Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*). |

**NATURE OF THE CASE**

1. This is an action by Plaintiff NIMFA PEDRASA ("PLAINTIFF") against Defendants TRI STARR HOME CARE, LLC, JONYSUS TABULA, and SHERILL DOMINGO (collectively "DEFENDANTS") who own and operate a business which provides caregiving services for the elderly. PLAINTIFF seeks compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b), waiting time penalties under California Labor Code § 203, premium wages for denied meal and rest breaks, and attorney's fees, costs, and pre-judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), equitable relief under the Unfair Competition Act, Cal. Bus. & Prof. Code §§ 17200 *et seq.,* for Defendants unfair, unlawful and fraudulent business practices described herein

2. Defendant's policies and practices violate 29 U.S.C. § 216(b); California Industrial Welfare Commission ("IWC") Wage Orders; California Code of Regulations, Title 8, Chapter 5, § 11150; California Labor Code §§ 200, 201, 202, 203, 204, 210, 226.7, 510, 512, 1194, and 1194.2; and California Business and Professions Code §§ 17200 *et seq.* (the "Unfair Business Practices Act"). These laws require, *inter alia*, that employees be paid at least minimum wage for all hours worked, be paid for overtime hours at the correct overtime rate, and that all hours worked by accurately reflected on a written, itemized statement.

3. PLAINTIFF'S claims can be summarized as follows:

   a. <u>Failure to Pay Overtime Hours Worked at the Overtime Rate of Pay:</u> At all relevant times, PLAINTIFF was paid by the hour. However, she would only receive a fraction of her wages by check with deductions, at their regular hourly rate of pay, without overtime after 40-hours in a week or 8-hours in a day. Claims for overtime and liquidated damages are made as against all defendants.

   b. <u>Failure to Provide Meal and Rest Breaks:</u> DEFENDANTS routinely failed and refused to reasonably provide PLAINTIFF with a first or second duty free meal and all rest periods during her work shifts, and failed and refused to compensate PLAINTIFF when she performed work

during said meal and rest periods, as required by Labor Code § 226.7 and the other applicable laws and regulations.

    c. PLAINTIFF seek compensation for all uncompensated work, liquidated and/or other damages as permited by applicable law, as well as attorneys' fees, penalties, interest and costs for the above.

    d. Under the Unfair Competition Act, Plaintiffs seek equable relief for Defendants unfair, unlawful and fraudulent business practices described herein.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court is a proper venue, since events giving rise to this lawsuit have occurred in this district. Specifically, PLAINTIFF primarily worked for DEFENDANTS' clients in Santa Clara County.

5. Subject matter jurisdiction of this action of this Court is based upon the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the supplemental jurisdiction of this Court. DEFENDANTS' gross revenue meets the jurisdictional minimum of the Fair Labor Standards Act and their business involves products that move through interstate commerce.

## PARTIES TO THE ACTION

6. Plaintiff NIMFA PEDRASA ("PLAINTIFF") is, and at all relevant times herein are individuals over the age of eighteen and resident of California and employed by DEFENDANTS within the statute of limitations in this action.

7. PLAINTIFF is informed and believe and thereon allege that at all times mentioned herein, Defendants TRI STARR HOME CARE, LLC, JONYSUS TABULA and SHERILL DOMINGO (collectively "DEFENDANTS") are engaged in the business of providing home care and caregiving services.

8. PLAINTIFF is informed and believe and thereon allege that Defendant TRI STARR HOME CARE, LLC. is a California Limited Liability Company.

9. PLAINTIFF is informed and believe and thereon allege that Defendants JONYSUS TABULA was, at all times mentioned herein, an owner, director, officer, or managing agent as defined

in subdivision (b) of Section 3294 of the Civil Code of TRI STARR and is thus liable for PLAINTIFF'S damages pursuant to Labor Code § 558.1.

10. PLAINTIFF is informed and believe and thereon allege that Defendant SHERILL DOMINGO was, at all times mentioned herein, an owner, director, officer, or managing agent as defined in subdivision (b) of Section 3294 of the Civil Code of TRI STARR and is thus liable for PLAINTIFF'S damages pursuant to Labor Code § 558.1.

11. PLAINTIFF is informed and believe and thereon allege that DEFENDANTS employed PLAINTIFF as employees in a non-exempt capacity.

## GENERAL ALLEGATIONS

12. DEFENDANTS employed PLAINTIFF is all relevant times within the statute of limitations for this action. PLAINTIFF worked as a caregiver for the elderly

13. PLAINTIFF was paid by the hour but were never properly paid overtime wages even though PLAINTIFF worked hours subject to overtime premium compensation.

14. During PLAINTIFF' employment, PLAINTIFF would work twelve (12) hours in a day and sixty (60) or more hours in a week. PLAINTIFF worked overtime hours, more than 40, during at least one pay period during the statute of limitations without being paid his proper overtime wages.

15. DEFENDANTS' failure to pay at least overtime wages when due and owing was willful and intentional for purposes of liquidated damages under the FLSA and waiting time penalties under California Labor Code § 203.

16. DEFENDANTS failed to provide PLAINTIFF with a duty-free rest break of at least 10 minutes every four hours of work or major fraction thereof. Further, DEFENDANTS failed to provide PLAINTIFF with a duty-free meal periods when PLAINTIFF worked 6 hours or more in a workday and on days in which she worked over 10 hours and at times 12 hours or more, she were not able to take a second meal period.

**COUNT ONE**
**FEDERAL CLAIM**
*Violation of the Fair Labor Standards Act*
*29 U.S.C. §§ 207, 216(b), and 255(a)*
*Failure to Properly Pay Overtime Wages and For All Hours Worked*
*AGAINST ALL DEFENDANTS*

17. PLAINTIFF re-allege and incorporate the allegations of each preceding paragraph as if fully stated herein.

18. At all relevant times herein, PLAINTIFF' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

19. DEFENDANTS operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

20. DEFENDANTS routinely required and/or suffered or permitted PLAINTIFF to work more than 40 hours per week without paying all of their wages for such overtime work.

21. In failing to pay PLAINTIFF all overtime wages at one-and-one-half times their regular rate of pay, DEFENDANTS willfully violated the FLSA.

22. As a direct and proximate result of DEFENDANTS' failure to pay the PLAINTIFF' proper wages under the FLSA, PLAINTIFF incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

23. DEFENDANTS intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay PLAINTIFF their proper wages. DEFENDANTS are thus liable to PLAINTIFF for liquidated damages in an amount equal to their lost wages over a three-year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) and 255(a).

24. PLAINTIFF was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to the FLSA.

# COUNT TWO
# SUPPLEMENTAL STATE CLAIM
*Violation of California Labor Code §§ 510, 1194, 1197, 1194.2, 1771, 1776*
*Failure to Pay Overtime Wages and For All Hours Worked*
*AGAINST ALL DEFENDANTS*

25. PLAINTIFF re-allege and incorporate the allegations of each preceding paragraph as if fully stated herein.

26. At all times mentioned herein, DEFENDANTS were subject to the overtime wage laws of the State of California pursuant to California Labor Code § 510, regarding work undertaken for DEFENDANTS. Pursuant to California Labor Code § 510, DEFENDANTS had a duty to pay their employees, including PLAINTIFF, no less than the one and one-half times their contractually agreed upon regular rate of pay for all hours worked in excess of 8 hours a day and 40 hours a week. Under California Labor Code § 1194, PLAINTIFF is entitled to be paid overtime wages and has standing to sue for such violations.

27. Pursuant to California Labor Code § 1194, PLAINTIFF seek as earned but unpaid overtime wages and wages for all hours worked, payment at one-and-a-half times the regular rate for hours worked in excess of 8 hours a day or 40 hours a week. PLAINTIFF is entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

28. As a result of DEFENDANTS' violations of statutory duties, as more fully set forth above, PLAINTIFF earned but was not paid wages in an amount above the jurisdictional limits of this court.

29. PLAINTIFF is entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

30. At all times mentioned herein, DEFENDANTS were subject to the minimum wage laws of the State of California pursuant to California Labor Code §§ 1194 and 1194.2. Pursuant to California Labor § 1194, DEFENDANTS had a duty to pay their employees, including PLAINTIFF, no less than the minimum wage for all hours worked. Under California Labor Code § 1194, PLAINTIFF is entitled to be paid minimum wages and has standing to sue for such violations.

31. Pursuant to California Labor Code §§ 1194 and 1194.2, PLAINTIFF seek unpaid minimum wages and penalties for the failure to pay minimum wages.

32.     Wherefore, PLAINTIFF is entitled to recover the unpaid additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a).

33.     As a result of DEFENDANTS' violations of statutory duties, as more fully set forth above, PLAINTIFF earned but were not paid wages in an amount above the jurisdictional limits of this court.

34.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF is also entitled to attorney's fees under California Labor Code §§ 218.5 and 1194, in addition to interest, expenses and costs of suit.

**COUNT THREE**
**SUPPLEMENTAL STATE CLAIM**
*Labor Code §§ 203, 226, 226.7, and 512*
*Failure to Provide Meal Periods or Compensation in Lieu Thereof*
*AGAINST ALL DEFENDANTS*

40. PLAINTIFF incorporate all preceding paragraphs as though fully set forth herein.

41. DEFENDANTS failed to comply with the requirement under California law regarding meal periods.  PLAINTIFF was routinely required to work without thirty-minute, uninterrupted meal periods, and PLAINTIFF were not compensated for missed meal periods.

42. Labor Code § 226.7 states:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

43. DEFENDANTS violated § 226.7 by requiring PLAINTIFF to work for periods of more than five hours without an off-duty meal period of at least 30 minutes.  PLAINTIFF would also work late into the day without a second meal period or even a rest break.  As such, DEFENDANTS are liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

44. PLAINTIFF did not voluntarily or willfully waive meal periods. Any express or implied waivers obtained from PLAINTIFF were not willfully obtained or voluntarily agreed to, but rather were a condition of employment or part of an unlawful contract of adhesion.

45. DEFENDANTS maintained a written meal period policy that dictated when PLAINTIFF were permitted to take a meal period and any deviations from the written meal period policy were grounds for discipline, including termination.

46. DEFENDANTS also injured PLAINTIFF by failing to keep adequate time records as required by Labor Code §§ 226 and 1174(d). Their failure makes it difficult to calculate the unpaid meal period compensation due to PLAINTIFFS.

47. As a result of the unlawful acts of DEFENDANTS PLAINTIFF have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs under Labor Code §§ 203, 226, 226.7, 512, 1194, and applicable Wage Orders.

48. PLAINTIFF have incurred, and will continue to incur, attorneys' fees in the prosecution of their action and therefore demand such reasonable attorneys' fees and costs as set by the Court.

**COUNT FOUR**
**SUPPLEMENTAL STATE CLAIM**
*Failure to Provide Rest Periods or Compensation in Lieu Thereof*
*(Labor Code §§ 203, 226, 226.7, 1194 and Wage Orders)*
*AGAINST ALL DEFENDANTS*

49. PLAINTIFF incorporate all preceding paragraphs as though fully set forth herein.

50. California Labor Code §226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

51. The applicable Wage Order states with regards to rest periods:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest

time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.
(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

52. DEFENDANTS violated California Labor Code §226.7 and the wage orders by failing to schedule rest periods in the afternoons or authorize or permit workers to take rest breaks in the afternoons and by failing to provide one hour of additional wages at the employees' regular rate of compensation for each work day that the rest periods were not provided.

53. DEFENDANTS maintained a written rest period policy that dictated when PLAINTIFF were permitted to take a rest periods and any deviations from the written rest period policy were grounds for discipline, including termination.

54. PLAINTIFF did not voluntarily or willfully waive rest periods.  Any express or implied waivers obtained from PLAINTIFF was not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were part of an unlawful contract of adhesion.  DEFENDANTS did not provide, permit or authorize PLAINTIFF to take rest periods in accordance with law or, if said rest period was not provided, did not pay for such time.

55. As a result of the unlawful acts of DEFENDANTS, PLAINTIFF has been deprived of wages, which is an amount resulting directly from the acts complained of.

56. WHEREFORE, PLAINTIFF is entitled to recover the unpaid additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code §1194(a).

**COUNT FIVE**
**SUPPLEMENTAL STATE CLAIM**
*Violation of California Labor Code § 203*
*Waiting Time Penalties*
*AGAINST ALL DEFENDANTS*

57. PLAINTIFF re-allege and incorporate the allegations of each preceding paragraph as if fully stated herein.

58. California Labor Code § 201(a) requires an employer who discharges an employee to pay the employee immediately upon discharge.

59. California Labor Code § 202(a) requires an employer to pay compensation due and owing to an employee who has quit or resigned within seventy-two (72) hours of that the time at which the employee provided notice of their intention to quit or resign.

60. California Labor Code § 203 provides that if an employer wilfully fails to pay compensation promptly upon discharge or resignation, as required under California Labor Code §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) days.

61. PLAINTIFF is entitled to unpaid compensation for all hours worked at the legally mandated rates, but for which he has not yet been paid, including overtime wages.

62. PLAINTIFF has left the employ of DEFENDANTS but has not yet been fully compensated for the hours that he worked.

63. DEFENDANTS have wilfully failed and refused to make timely payment of wages to PLAINTIFF.

64. As a direct and proximate result of DEFENDANTS alleged conduct, DEFENDANTS are liable to PLAINTIFF for up to thirty (30) days of waiting time penalties pursuant to California Labor Code § 203.

**COUNT SIX**
**SUPPLEMENTAL STATE CLAIM**
*Failure to Provide Accurate Itemized Wage Statements*
*(Violation of Labor Code §§ 226, 226.2)*
AGAINST ALL DEFENDANTS

65. PLAINTIFFS re-allege and incorporate the allegations above as if fully stated herein.

66. California Labor Code § 226(a) provides, in relevant part, that every employer must furnish each employee with an itemized wage statement that accurately shows the following:

> (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee

and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee….

67. At all times relevant to this action, the wage statements provided by DEFENDANTS to PLAINTIFFS and other aggrieved employees have failed to contain accurate information required by Labor Code § 226, as well as information required under the Healthy Workplaces, Healthy Families Act of 2014 and Labor Code §§ 246, et seq.  DEFENDANTS provided itemized wage statements that failed to show accurately the gross and net wages earned, all applicable rates of hourly pay, overtime rates of pay, rest and meal period premiums, all hours worked, and other information required by § 226.

68. At all relevant times, DEFENDANTS' failure to comply with the requirements of Labor Code § 226 and provide accurate wage statements to PLAINTIFFS and other aggrieved employees was knowing and intentional within the meaning of that provision.  PLAINTIFFS and other aggrieved employees are deemed to have suffered injury pursuant to Labor Code § 226(e)(2).

69. Pursuant to Labor Code § 226(e), PLAINTIFFS and other aggrieved employees are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000).

70. Pursuant to Labor Code § 558.1, any employer or other person (i.e., owner, officer, director or managing agent) acting on behalf of an employer who violates or causes a violation of Labor Code § 226 may be held liable as the employer.  GILREATH is liable as the employer for violating and causing the violations described herein.

71. PLAINTIFFS and other aggrieved employees seek penalties and injunctive relief under Labor Code § 226(e) and (h) for themselves and California employees of DEFENDANTS, as well as attorney's fees and costs.

**COUNT SEVEN**

**SUPPLEMENTAL STATE CLAIM**
*Violation of California Business & Professions Code §§ 17200 et seq.*
*Restitution for Unfair Business Practices*
*AGAINST ALL DEFENDANTS*

72. PLAINTIFF re-allege and incorporate the allegations of each preceding paragraph as if fully stated herein.

73. At all times relevant herein, PLAINTIFF'S employment with DEFENDANTS were subject to the FLSA, California Labor Code, and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid at an overtime rate for work performed in excess of 40 hours per week or 8 hours per day. Said laws also required payment for all hours worked. It also required that meal and rest breaks be furnisher or provided.

74. At all times relevant herein, DEFENDANTS were subject to the California Unfair Trade Practice Act, Bus. & Prof. Code §§ 17200 *et seq.* DEFENDANTS failed to pay PLAINTIFF the applicable overtime rate for her overtime hours, as required by California law. PLAINTIFF and other members of the general public employed by DEFENDANTS were entitled to those wages, which DEFENDANTS kept to themselves. It also calls for rest breaks to be scheduled, which changes a business' staffing levels and gave DEFENDANTS an economic advantage over law-abiding businesses.

75. In doing so, DEFENDANTS engaged in unfair competition by committing acts prohibited by the FLSA, California Labor Code, and applicable IWC Wage Orders. Such acts gave DEFENDANTS a competitive advantage over other employers who were in compliance with the law.

76. As a direct and proximate result of DEFENDANTS' violations and failure to pay the required wages and overtime pay, PLAINTIFF'S rights under the law were violated, and suffered general damages in the form of unpaid wages in an amount to be proved at trial.

77. DEFENDANTS have been aware of the existence and requirements of the Unfair Trade Practice Act and the requirements of the FLSA, California Labor Code, and applicable IWC Wage Orders, but knowingly, wilfully, and intentionally failed to pay PLAINTIFF and other members of the general public employed by them overtime pay.

78. PLAINTIFF and other members of the general public employed by DEFENDANTS can and will comply with the requirements and standards to the extent required by law to prosecute their violation as a representative action under the Unfair Trade Practice Act.

79. PLAINTIFF and other members of the general public employed by DEFENDANTS have been illegally deprived of their overtime pay and herein seek restitution of those wages pursuant to California Business and Professions Code § 17203.

**PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF prays for relief as follows:

80. For an order awarding PLAINTIFF compensatory damages for all wages earned but not paid, and all overtime wages earned and not paid,

81. For liquidated damages per the FLSA equal to unpaid overtime wages under the First Count;

82. For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under California Labor Code §§ 201-204, 210, 211, 226.3 and 226.7(b), together with interest on these amounts;

83. For earned but unpaid wages as equitable relief, for unpaid overtime and denied meal and rest breaks, under the Unfair Competition Act over a 4-year statute of limitations;

84. For premium wages for meal and rest break violations;

85. Damages for failing to proved accurate wage statements pursuant to Labor Code §226;

86. For pre-judgment interest of 10% on the unpaid wages and overtime compensation under California Labor Code §§ 1194(a);

87. For "waiting time" penalties under California Labor Code § 203;

88. For an award of reasonable attorneys' fees, as provided by 29 U.S.C. § 216(b) of the FLSA and California Labor Code §§ 218.5, 226(e), and 1194, and/or other applicable law;

89. For costs of suit herein;

90. For such other and further relief as the Court may deem appropriate.

Dated: May 18, 2021 RUSNAK LAW OFFICE

_____
Alexander S. Rusnak
Jennifer L. Rusnak
Attorneys for Plaintiff

FLSA COMPLAINT